CHRISTIAN BUECK v. ARCHIBALD G. LINDSAY AND PATRICK M. GAMBLE.

*Negligence—Driving horse with chain dragging in street—Submission to jury.*

Defendants owned a lumber-yard lying on both sides of a public street, along which plaintiff was driving a single horse attached to a light lumber-wagon, and, when passing the gateway leading into the yard, one of the defendants' employés came out onto the

street with a horse harnessed and drawing behind him a whiffle-tree, to which was attached a chain some fourteen feet long, having at the end a flat hook. He crossed the street in front of plaintiff, whose horse stepped on the hook, and was thrown down and permanently injured. The employé saw plaintiff before he came up to the crossing, and plaintiff saw him, but denies seeing the chain dragging behind the horse, whose driver tried to stop him, but could not do so at once from the looseness of the reins, and took no pains to prevent the accident by lifting the chain, or waiting until plaintiff passed, or giving any warning. On the trial of a suit brought by plaintiff for the loss of the horse, the court left the whole case with the jury, who found that defendants were negligent and that plaintiff was not in fault.

*Held*, that the case was properly submitted, and that it cannot be determined, as a matter of law, that it may not be negligent to drag such a chain across a street, under the circumstances of this case.

Error to superior court of Detroit. (Chipman, J.) Argued February 3, 1887. Decided February 15, 1887.

Case. Defendants bring error. Affirmed. The facts are stated in the opinion and head-note.

*George S. Hosmer*, for appellants.
*Hamilton G. Howard*, for plaintiff.

CAMPBELL, C. J. Plaintiff sued defendants for the loss of a horse, which he claimed was due to the negligence of one of defendants' men while in their employment.

Defendants have premises used for lumber storage, through which Rose street, in Detroit, passes. Their lumber was piled in the yards on both sides to some extent, and there was occasion to pass across Rose street, back and forth, with their teams. There were railroad tracks by their premises, which also crossed Rose street, and were used to remove and bring lumber.

On May 11, 1886, plaintiff was, about 7 o'clock in the morning, driving a single horse and light lumber-wagon

along Rose street, in the transaction of his own business,. and was seated on a plank running from front to rear of his wagon, which had no box. Just as he had crossed the car tracks, and was moving forward along the street, one of defendants' men, named Osmun, crossed the road in front of him, from one part of their premises to the other, with a horse harnessed and drawing behind him a whiffletree, to which was attached a chain, between 13 and 14 feet long, having at the end a flat hook. Osmun was on the left side of the horse, as plaintiff approached on the right, and was driving him with a short slack rein, on a walk. Plaintiff's horse, as he moved forward, stepped on the hook, which caught the cork of his shoe, and defendants' horse kept moving on so that plaintiff's horse was thrown over and dragged a few feet, and injured beyond recovery. Osmun saw plaintiff before he came up to the crossing. Plaintiff saw the horse ahead, and Osmun driving him, but swore he did not see the chain dragging behind. Osmun tried to stop his horse when he saw the accident, but could not do so at once from the looseness of the reins.

As the only question raised in the case is whether the court below should have ordered a verdict for defendants, it is not necessary to discuss anything else.

It is claimed that defendants were not guilty of any legal negligence. The court below left the whole case to the jury, who found that defendants were negligent and that plaintiff was not in fault.

The fact that plaintiff's horse was thrown down and injured by being caught in the hook shows that there was actual danger in dragging the chain across the highway when horses were approaching. It is evident to any one that a horse stepping on a moving chain might very easily be tripped up and hurt. The chain produced in court was flexible, and readily moved along the ground. Although counsel on the argument assumed for what purpose the chain was used, there was

no evidence on the subject, and we can only assume it was for some purpose connected with moving lumber.  The chain was such as is commonly used in that business.

We cannot, in our opinion, determine that it may not be negligent to drag such a chain across a street, under the circumstances shown here.  There is a conflict of testimony as to how far it was noticeable.  Plaintiff swore he did not see it.  It is not probable that his horse saw it, as horses are apt to notice moving objects before them, in their way, and avoid them.  Osmun took no pains to prevent the accident by lifting the chain, or waiting till plaintiff passed, or by giving any warning.  His horse was not under his control, so that he could stop him at once.  There was testimony showing him to have been heedless, and, unless it was lawful at all events to do as he did, then it was rightly left to the jury.

We do not see any reason for holding plaintiff guilty of negligence.  He was riding in the position usually occupied on such a vehicle, and, while he saw the horse and driver, did not see the chain, and says he could not see it.  The jury had a right to believe him, and, if they did, we cannot say that the case shows him to have been open to censure.

We think the case was properly submitted.  The charge was fair and clear, and no fault is found with it, except that it did not decide the questions of fact in favor of defendants upon the plaintiff's case.

The judgment must be affirmed.

SHERWOOD and CHAMPLIN, JJ., concurred.  MORSE, J., did not sit.